Farizat SABITOV and Antonina
Sabitova, Petitioners,

v.

Michael B. MUKASEY,* Respondent.

Nos. 04–1116(L), 04–1119,
04–3546, 04–3569.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2008.

Michael P. DiRaimondo, DiRaimondo &
Masi LLP (Marialaina L. Masi, Mary Eliz-
abeth Delli–Pizzi, Stacy A. Huber, of coun-
sel), Melville, NY, for Petitioner.

Thomas Dupree, Deputy Attorney Gen-
eral (Charles R. Gross, United States At-
torney for the Western District of Michi-
gan, of counsel, John F. Salan, Assistant
United States Attorney, on the brief), Of-
fice of Immigration Litigation, United
States Department of Justice, Washington,
D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge and Hon. SONIA
SOTOMAYOR, Hon. REENA RAGGI,
Circuit Judges.

### SUMMARY ORDER

Petitioners Farizat and Antonina Saboti-
va, citizens of Kazakhstan, seek review of a
February 5, 2004 order of the BIA affirm-
ing the decision of Immigration Judge
("IJ") Alan L. Page denying the Sabitovs'
application for asylum, withholding of re-
moval, and relief under the Convention
Against Torture. *In re Sabitova,* No. A76
023 201 (B.I.A. Feb. 5, 2004), *aff'g* No. A76
023 201 (Immig. Ct. N.Y. City Aug. 16,
2002). The Sabitovs also challenge the
BIA's denial of their untimely motion to
reopen. *In re Sabitova,* No. A76 023 201
(B.I.A. June 10, 2004).

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Michael B.
Mukasey is automatically substituted for for-
mer Attorney General Alberto R. Gonzales as
the respondent in this case.

We review the BIA's factual findings under the substantial evidence standard and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The BIA's application of law to fact is reviewed *de novo*. *Yang v. Gonzales*, 478 F.3d 133, 141 (2d Cir.2007). We review the denial of a motion to reopen for abuse of discretion. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 92 (2d Cir. 2001) ("An abuse of discretion may be found ... where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements ..." (internal citations omitted)).

In the main, the Sabitovs challenge the IJ's reliance on the decision of the Canadian Immigration and Refugee Board (CIRB) denying them asylum in Canada based on an adverse credibility finding. The CIRB found that the Sabitovs' testimony, regarding the attacks they suffered due to Antonina Sabitova's national and religious heritage, was fatally inconsistent with their written application for asylum in Canada. The CIRB's decision cited the Sabitovs' testimony that their aggressors in Kazakhstan were members of Farizat Sabitov's family, the only people who knew that Antonina Sabitova is of Jewish descent; by contrast, the Sabitovs' written application to the Canadian immigration authorities averred that they were persecuted by Kazakh nationalists.

The sole ground cited by the IJ for his adverse credibility finding against the Sabitovs was the CIRB's decision. The Sabitovs infer that the IJ merely adopted the CIRB's adverse credibility finding; however, we disagree with this characterization. The IJ relied upon the CIRB's recitation of the Sabitovs' testimony in Canada, which revealed an inconsistency on the issue of whether Farizat Sabitov's "family," or clan, was behind the Sabitovs' problems in Kazakhstan. Although the underlying transcript for the CIRB's decision is not in the record here, the Sabitovs do not dispute that the transcript would show that, as the CIRB decision states, they used the word "family" to identify their assailants. Instead, the Sabitovs maintain that the Canadian translator misinterpreted the word they used, "zhuz," to mean "family," when in fact it refers to a much larger group of individuals, and that without this error in translation their testimony regarding the identity of the assailants was not inconsistent. The IJ entertained their argument on that issue and determined that the Sabitovs had not adequately explained the discrepancy in their testimony. We conclude that substantial evidence supports the IJ's adverse credibility determination in light of the testimony before the CIRB suggesting that the word "family" described the small group of individuals who were privy to Antonina Sabitova's Jewish identity.

Finally, the BIA did not abuse its discretion in denying Petitioners' motion to reopen. As the BIA explained, Petitioners could have obtained and presented the information contained in Dr. Blum's affidavit at their hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing ...").

We have considered the Sabitovs' remaining arguments and find them to be without merit.

For the reasons set forth above, the petition for review is hereby **DENIED.**